**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JEFF STONE, | : | CRIMINAL NO. |
| Movant, | : | 1:02-CR-745-14-TWT |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-1298-TWT |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## O R D E R

Movant, Jeff Stone, has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 [Doc. 1234]. Movant seeks to challenge the constitutionality of his 171-month sentence which was imposed on May 16, 2005, following a guilty plea in this Court. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 1234]; and (2) the United States of America's (hereinafter "Government") response to the motion to vacate [Doc. 1295].

I.  Background

On August 4, 2003, a grand jury in the Northern District of Georgia returned a superseding indictment charging Movant with:  participating in a conspiracy that began on a date unknown to the grand jury and lasting until December 2002, to possess with the intent to distribute ecstasy in violation of 21 U.S.C. § 846 (Count Two); conspiracy to import ecstasy, in violation of 21 U.S.C. § 963 (Count Three); and participating in two additional conspiracies, beginning on a date unknown to the grand jury and lasting until May 2001, to import and possess with the intent to distribute ecstasy in violation of 21 U.S.C. §§ 963 and 846 (Counts Thirteen and Fourteen).  [Doc. 353].

On June 22, 2004, Movant, represented by counsel John L. Kimmey, entered a negotiated plea of guilty to Count Two of the superseding indictment.  [Docs. 707, 1059].  Movant entered into a written plea agreement with the Government where he waived his right to appeal or collaterally attack his sentence.  [Doc. 707 at ¶11].  However, Movant reserved the right to appeal his sentence if he received an upward departure from the otherwise applicable sentencing guideline range.  [Id.].  Movant also reserved his right to appeal if the Government appealed the sentence.  [Id.].

2

On May 16, 2005, the Court conducted a sentencing hearing. [Docs. 1002 and 1145]. Movant was sentenced to a 210-month term of imprisonment. [Doc.1003]. On May 31, 2005, the Court amended the sentence to a term of 171 months to reflect a period of imprisonment on an undischarged term of imprisonment in Clayton County, Georgia. [Doc. 1034]. Movant's sentence was within the guidelines range and there was no upward departure.

On May 23, 2005, Movant filed a notice of appeal in the United States Court of Appeals for the Eleventh Circuit. [Doc. 1023]. On February 2, 2006, the Eleventh Circuit dismissed Movant's appeal upon a motion by the Government, finding that Movant had entered into a binding and valid appellate waiver in his plea agreement. [Doc. 1188]. On June 5, 2006, Movant's petition for certiorari was denied by the United States Supreme Court.

On June 5, 2007, Movant filed the instant § 2255 motion to vacate his sentence [Doc. 1234], raising the following grounds for relief:

1.    ineffective assistance of counsel based on the following:

      a.    counsel negotiated a plea agreement which was not based on adequate consideration and waived important rights;

      b.    counsel failed to adequately discuss the implications of Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely

v. Washington, 124 S. Ct. 2531 (2004), so that Movant could make an informed decision regarding the merits of the plea agreement;

    c.    counsel agreed to the waiver provision without requiring the Government to reciprocate with a benefit to Movant;

    d.    counsel failed to adequately explain the implications of waiving appeal and post-conviction relief;

    e.    counsel failed to adequately investigate, argue Movant's case, object to the proposed findings, present existing grounds for a downward departure or other mitigating circumstances, or properly argue a non-guidelines sentence under United States v. Booker, 125 S. Ct. 738 (2005);

    f.    counsel did not hold the Government to its plea agreement and require that the Government fully explain the extent of his cooperation with the Government;

    g.    counsel did not properly preserve any of the errors which occurred during his sentencing hearing for direct appeal; and

2.    Movant's Fifth and Sixth Amendment rights were violated by the imposition of "de facto" mandatory sentencing guidelines in violation of United States v. Booker, 125 S. Ct. 738 (2005).

[Doc. 1234].

AO 72A
(Rev.8/82)

II.      Standard of Review

Congress enacted § 2255, authorizing the filing of motions to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences.  United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990).  Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds:  "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack."  Hill v. United States, 368 U.S. 424, 426-27 (1962); see generally United States v. Hayman, 342 U.S. 205 (1952).  "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  Bowen v. Johnston, 306 U.S. 19, 27 (1939).

5

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; see Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989).  Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).  As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

III.   <u>Analysis</u>

   A.  <u>Movant's Waiver Is Valid And Precludes Claims Related To Sentencing</u>

The Government contends that some of the claims raised by Movant in his § 2255 motion should not be entertained by the Court because Movant, pursuant to the negotiated plea agreement, waived the right to collaterally attack his sentence. The waiver signed by Movant states:

> LIMITED WAIVER OF APPEAL:  To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding (including, but no limited to, motion filed pursuant to 28 U.S.C. § 2255) on any ground, except that the defendant may file a direct appeal of an upward departure from the

6

otherwise applicable   sentencing guideline range.   The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence on any ground.

[Doc.707 at ¶11].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily.  See United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001), cert. denied, 536 U.S. 961 (2002); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).  "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" Bushert, 997 F.2d at 1350 (quoting United States v. Rutan, 956 F.2d 827, 830 (8th Cir. 1992)).  In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Bushert, 997 F.2d at 1351.

In the case at bar, Movant acknowledged at the June 22, 2004, plea hearing that he had reviewed the plea agreement with his attorney, understood that the agreement

7

provided his intention to plead guilty to Count Two, signed it, and had no questions for the Court.  [Doc., Plea Hr'g Trans. at 10-15, 21-22].  In addition, the Court addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> The Court:  Do you also understand that under some circumstances, you or the Government may have the right to appeal any sentence that I may impose?
>
> Movant:  Yes, sir.
>
> The Court:  Do you also understand that as a part of your plea agreement, you're giving up your right to appeal your sentence, unless there is an upward departure from the guidelines or an appeal by the Government?
>
> Movant:  Yes, sir.
>
> The Court:  Other than the plea agreement, has anyone threatened or forced you to give up your right to appeal your sentence?
>
> Movant:  No, sir.
>
> The Court:  Other than the plea agreement, has anyone made any promise to you that caused you to give up your right to appeal your sentence?
>
> Movant:  No, sir.
>
> The Court: Are you giving up your right to appeal your sentence freely and voluntarily?

AO 72A
(Rev.8/82)

Movant:  Yes, sir.

[Doc. 1059, Plea Hr'g Trans. at 14-15].

Here, it is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence.  Movant specifically acknowledged in signing the appeal waiver that he understood and agreed to waive his appeal rights voluntarily notwithstanding the Court's determination of his ultimate sentence. [Doc. 707].  Further, the Court thoroughly explained to Movant during the plea colloquy that his right to appeal was substantially limited by signing the appeal waiver, and Movant indicated that he understood that he had waived his right to appeal or collaterally attack his sentence.  [Doc. 1059, Plea Hr'g Trans. at 14-15]; see United States v. Stevenson, 131 F. App'x 248, 250 (11th Cir. May 12, 2005) (holding that, for a waiver to be valid, "during the plea colloquy, the district court must at least refer to the fact that the defendant is waiving his rights to appeal his sentence under most or certain circumstances").  Moreover, the Court specifically found at the plea hearing that Movant's waiver was made knowingly and voluntarily.  [Id. at 22].  Thus, Movant's waiver is valid.

When a movant challenges the constitutionality of his conviction or sentence after having waived the right to do so in a plea agreement, "the right to mount a

collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." <u>Jones v. United States</u>, 167 F.3d 1142, 1145 (7th Cir. 1999).  Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir.), <u>cert. denied</u>, 546 U.S. 902 (2005).   Here, with the exception of Movant's claims in Grounds 1(a), (b), (c), and (d), Movant's ineffective assistance claims deal with sentencing issues, and not the negotiation of the plea or waiver.  <u>See</u> <u>Gomez-Estupinan v. United States</u>, No. 8:04CR84T24TGW, 2005 WL 2850070 (M.D. Fla. Oct. 28, 2005) (holding defendant's claim in motion to vacate raising ineffective assistance of counsel for failure to urge court to apply safety valve was waived by valid sentence appeal waiver).  Thus, Movant's waiver of his rights to challenge his sentence is controlling with respect to his ineffective assistance of counsel claims dealing with sentencing issues.  Movant cannot

10

circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.

Movant's claim in Ground Two -- that Movant's Fifth and Sixth Amendment rights were violated by the imposition of "de facto" mandatory sentencing guidelines in violation of United States v. Booker, 543 U.S. 220 (2005)[1] -- also deals with sentencing issues and is precluded by the waiver. To the extent that Movant contends that a Booker claim does not fall within the scope of a valid waiver, such a suggestion is without merit. "[T]he right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal." United States v. Frye, 402 F.3d 1123, 1129 (11th Cir. 2005) (quoting United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005)); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005). The waiver language in Movant's plea agreement did not reserve the right to appeal or collaterally attack

---

[1]In Booker, a majority of the Supreme Court concluded that the mandatory nature of the guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. Thus, following the Booker decision, the sentencing guidelines became advisory rather than mandatory.

11

his sentence on <u>Apprendi</u>/<u>Booker</u> grounds.  Thus, Movant's claim in Ground Two is barred from review by the waiver.

B.  <u>Grounds Not Precluded By The Waiver</u>

In Grounds 1(a), (b), (c), and (d), Movant contends that his counsel was ineffective based on the following:  counsel negotiated a plea agreement which was not based on adequate consideration and waived important rights; counsel failed to adequately discuss the implications of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), or <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), so that Movant could make an informed decision regarding the merits of the plea agreement; counsel agreed to the waiver provision without requiring the Government to reciprocate with a benefit to Movant; and counsel failed to adequately explain the implications of waiving appeal and post-conviction relief.

The standard for evaluating ineffective assistance of counsel claims was set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  The analysis is two-pronged, and the court may "dispose of ineffectiveness claims on either of its two grounds." <u>Atkins v. Singletary</u>, 965 F.2d 952, 959 (11th Cir. 1992); <u>see</u> <u>also</u> <u>Strickland</u>, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance

12

claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Movant must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The Court must be "highly deferential," and must "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Furthermore, "[a] strategic decision . . . will be held to constitute ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it." Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir. 1987) (internal quotation omitted).

To meet the second prong, Movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. See Strickland, 466 U.S. at 694. "To show prejudice in the guilty plea context, the defendant must establish that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial.'" United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Here, Movant has failed to establish either prong of Strickland with regard to his claims that his counsel was ineffective because he negotiated a plea agreement

13

which was not based on adequate consideration and waived important rights and because he agreed to the waiver provision without requiring the Government to reciprocate with a benefit to Movant.  Movant's plea agreement included important concessions by the Government, including a promise not to bring further charges against Movant, to recommend the full three levels of acceptance of responsibility, to recommend a sentence at the low end of the applicable guideline range, and to recommend that Movant's federal sentence run concurrently with his state sentence. [Doc. 707 at ¶¶ 5-8].  Further, the Government agreed to allow Movant to plead to only one count of the superseding indictment, which capped Movant's potential term of imprisonment at 20 years. [Id. at ¶ 3]. Thus, Movant received ample consideration for the rights he gave up by entering a plea pursuant to the plea agreement.

Movant's claim that counsel was ineffective because he failed to adequately discuss the implications of Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely v. Washington, 542 U.S. 296 (2004), is without merit.  Since Movant's sentence did not exceed the statutory maximum sentence and his case did not involve any statutory mandatory minimum sentences, Apprendi and Blakely do not apply to his case.  See United States v. Young, 336 F. App'x 954, 960 (11th Cir. July 15, 2009) (holding Apprendi and Blakely did not apply where defendant's actual sentence did not exceed

statutory maximum).  Thus, counsel was not ineffective for failing to discuss these cases with Movant since the cases were irrelevant to Movant's case.          Lastly, Movant's claim that counsel was ineffective because he failed to adequately explain the implications of waiving appeal and post-conviction relief is belied by the plea hearing transcript.  At the plea hearing, Movant indicated that he was satisfied with his attorney, that he had sufficient time to think about and discuss the matter fully with his attorney, that he understood the plea agreement, and that he understood the rights he was waiving in the agreement. [Doc.1059, Plea Hr'g Trans. at 10-12, 14-15, 22].  Furthermore, based on the record at the plea hearing, even if Movant's counsel did not explain the nature of the waiver in the plea agreement, Movant cannot show that he did not understand the waiver before he entered his plea.  See Hudik v. United States, No. 2:05-cv-362-FtM-29DNF, 2007 WL 1455933, at *10 (M.D. Fla. May 16, 2007) ("the waiver of sentence appeal provision, even if not fully explained by counsel, was fully explained by the magistrate judge . . . . Petitioner stated he understood the provision to be a waiver of all such claims, and that the waiver was knowing and voluntary.").  Thus, Movant has failed to establish that counsel's actions were unreasonable or that, but for counsel's actions in negotiating the plea agreement, Movant would not have pleaded guilty.

15

IV.  Conclusion

Based on the foregoing, **IT IS ORDERED** that Movant Jeff Stone's motion to vacate sentence [Doc. 1234] be **DENIED**.

SO ORDERED, this 4 day of May, 2010.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

16